IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| James Carter, | Case No. 4:08 CV 2687 |
| Petitioner, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| J. T. Shartle, Warden, | |
| Respondent. | |

*Pro se* Petitioner James Carter filed this Petitioner for a Writ of Habeas Corpus (Doc. No. 1) pursuant to 28 U.S.C. § 2241.  Carter is currently incarcerated at the Federal Correctional Institution in Elkton, Ohio and seeks three years credit on his federal sentence.

## BACKGROUND

In 2002, Carter was named in a one-count indictment filed in the United States District Court for the Western District of Pennsylvania. *United States v. Carter*, No. 1:02-CR-0011 (W.D. Pa. *filed* Apr. 10, 2002).  He was charged with distribution of less than five grams of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) & 841(b)(1)(C).  Following the issuance of an arrest warrant, the Government filed a motion seeking Petitioner's presence via a writ of habeas corpus ad prosequendum because Petitioner was already in the custody of the Commonwealth of Pennsylvania.[1]  The writ was

---

[1] The Court cannot discern from the Petition if there was a connection between Petitioner's state incarceration and the federal charge.

issued on June 14, 2002, and Carter appeared in federal court on July 3, 2002. He pled not guilty at his arraignment on July 10, 2002.

Carter later changed his plea to guilty. On February 3, 2003, Judge Maurice Cohill, Jr. sentenced Petitioner to a total term of 151 months, to be served consecutive to any term of imprisonment imposed for violation of his parole in state court.[2] The court remanded Carter to the custody of the U.S. Marshals. Three days later, Carter appealed his sentence to the Third Circuit, seeking a modification of his prison term. The appeals court denied his request on March 17, 2003, and Carter filed a petition for a writ of certiorari in the U.S. Supreme Court. The Supreme Court denied his petition on October 18, 2004.

A motion for retroactive application of the Sentencing Guidelines to a crack cocaine offense, pursuant to 18 U.S.C. § 3582, was filed by Carter in the District Court for the Western District of Pennsylvania on January 14, 2008. Counsel was appointed for Petitioner and his motion remains pending.

In the instant Petition, Carter now states that after he was taken to federal court via the writ of habeas corpus ad prosequendum on July 3, 2002, the sentence he was serving in the Commonwealth of Pennsylvania had expired on January 16, 2003. He maintains that, from that date forward, he was in exclusive federal custody. He claims that when the federal court sentenced him on February 3, 2003, the judge was "unaware . . . his state sentence had expired and all parties, including the State which admitted to learning after transfer back, were unaware that a Probation violation was in play" (Doc. No. 1-2 at p. 3). Even though the District Court ordered his federal

---

[2] Again, the Court is unable to discern from the Petition whether the state probation violation was related to his federal conviction.

sentence to run consecutively to his probation violation sentence, Carter argues the federal court lacked authority to impose a consecutive sentence on a yet-to-be-imposed state sentence. As such, he argues he is entitled to federal sentencing credit from January 16, 2003 until December 29, 2006, "when he was returned to the federal authorities" (*id.* at p. 2).

## ANALYSIS

Petitioner asserts he was "primarily" in federal custody at the time his state sentence expired on January 16, 2003. *See Ruggiano v. Reish*, 307 F.3d 121, n. 1 (3d Cir. 2002). From this date forward, he argues he was in exclusive federal custody, even though he was serving a sentence for a state probation violation. He does not explain when his probation violation began or how long it ran, but claims the state relinquished custody of him on January 16, 2003.

Petitioner states it was not until he was "returned" to the Commonwealth of Pennsylvania after his federal sentence was imposed that "the Commonwealth later discovered an alleged Probation violation. Petitioner was provided a hearing for that violation whereupon the state court imposed a sentence after concluding . . . a violation had occurred" (Doc. No. 1-2 at p. 2). Because this state sentence was allegedly imposed after Judge Cohill ordered Carter's federal sentence to run consecutively to the state probation violation sentence, Carter maintains the District Court lacked authority to impose those terms. *See United States v. Quintero*, 157 F.3d 1038, 1041 (6th Cir. 1998) (18 U.S.C. § 3584(a) does not authorize federal courts to order a sentence to be served consecutively to a yet-to-be-imposed state sentence).

### 28 U.S.C. § 2241

A petition for writ of habeas corpus filed by a federal inmate under 28 U.S.C. § 2241 is proper where the inmate is challenging the manner in which his or her sentence is being executed. *Capaldi*

3

*v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998). It is clear from the District Court's judgment that it intended to order Carter's federal sentence to run after his state probation violation sentence. If Carter is attacking the District Court's judgment, this Court lacks jurisdiction to set aside or correct the District Court's order. The proper vehicle for challenging the validity of a conviction and sentence is 28 U.S.C. § 2255. Moreover, a federal prisoner may not challenge his conviction and sentence under Section 2241, "if it appears . . . the applicant has failed to apply for relief, by [Section 2255] motion, to the court which sentenced him, or that such court has denied relief, unless it also appears . . . the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255. There is no suggestion Carter's remedy is inadequate or ineffective to test the legality of his detention.

To the extent Carter is asserting the Bureau of Prisons has denied his request for sentencing credit that was not already awarded to him, he must exhaust his administrative remedies. The purpose of the exhaustion doctrine is to allow the administrative agency in question to exercise its expertise over the subject matter and to permit an opportunity to correct any mistakes that may have occurred during the proceeding, thus avoiding unnecessary or premature judicial intervention into the administrative process. *Weinberger v. Salfi*, 422 U.S. 749, 765 (1975).

While Carter claims he has exhausted his administrative remedies, the Petition fails to disclose a single fact which indicates why or whether the Respondent actually refused to grant his requested relief. As the Sixth Circuit noted, "[t]he Bureau of Prisons should be given the opportunity to consider the application of its policy to [the] petitioner's claim before the matter is litigated in the federal courts." *Urbina v. Thoms*, 270 F.3d 292, 295, n. 1 (6th Cir.2001) (*quoting Taylor v. United States*, 62 F.3d 1418 (6th Cir. 1995) (table)). More importantly, Carter does not state whether the

4

credit he is requesting was already awarded to another sentence, or on what date his sentence commenced for the probation violation. Because 18 U.S.C. § 3585(b) does not allow a prisoner to receive credit for the same period of time on more than one sentence, this Court cannot determine that Carter is entitled to the relief he requests in his Petition.

## CONCLUSION

Based on the foregoing, this action is dismissed without prejudice. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

February 18, 2009